IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVORY N., a minor, by and through her mother and Guardian ad Litem, Z.F., and JAMES B., a minor, by and through his mother and Guardian ad Litem, A.B.,

Plaintiffs,

v.

JENNIFER KENT, Director of the Department of Health Care Services, and STATE OF CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,

Defendants.

No. C 18-03099 WHA

**ORDER RE MOTIONS TO PROCEED UNDER FICTITIOUS NAMES AND TO FILE UNDER SEAL**

In this putative class action brought under the Medicaid Act, the Americans with Disabilities Act, and other statutes, plaintiffs request that they and their *guardians ad litem* be permitted to proceed under fictitious names and move to seal in part certain related documents (Dkt. Nos. 3, 9).

There is a strong public policy in favor of openness of our court system, and the public is entitled to know to whom we are providing relief. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Parties may proceed under fictitious names, however, if anonymity is necessary "to preserve privacy in a matter of a sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citation omitted). A party requesting to remain anonymous must make an affirmative

showing that the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Ibid*.

This litigation involves plaintiffs' right to access medically necessary in-home nursing services. Plaintiffs accordingly assert they will be required to present medical records regarding their disabilities, health histories, and treatments, the disclosure of which could stigmatize or embarrass plaintiffs or place them at risk of harassment. Plaintiffs further contend that because their guardians in this action are their parents, the disclosure of their guardians' identities would in effect reveal their own identities.

Given the sensitive nature of the subject matter of these proceedings and that plaintiffs are minors, for the time being plaintiffs' motion to proceed using fictitious names is **GRANTED IN PART AND DENIED IN PART**. FRCP 5.2(a)(3) already restricts the names of minor individuals to their actual initials. Plaintiffs may proceed under that rule or may proceed using their real first name followed by the initial of their last name. Plaintiffs' guardians, moreover, may not proceed pursuant to their proposed pseudonyms. Instead, plaintiffs' guardians may also proceed under their first name followed by the initial of their last name. In future filings, plaintiffs shall revise the case caption so that it is in accordance with this order. The undersigned judge will revisit this determination if, as the action proceeds, it becomes clear that plaintiffs' need for anonymity no longer outweighs the public's interest in knowing their identities.

Plaintiffs' motion to file under seal is accordingly **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' request to seal their actual names and their guardians' last names is **GRANTED**. Plaintiffs' request to seal the first names of their guardians is **DENIED**. Plaintiffs shall file a revised redacted version of the relevant documents by **JULY 13**.

**IT IS SO ORDERED.**

Dated: July 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE