1 | XAVIER BECERRA
Attorney General of California
2 | SUSAN M. CARSON
Supervising Deputy Attorney General
3 | CAROLYN O. TSAI
Deputy Attorney General
4 | State Bar No. 239631
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-7004
Telephone: (415) 510-3539
6 | Fax: (415) 703-5480
E-mail: Carolyn.Tsai@doj.ca.gov
7 | *Attorneys for Defendants*

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

## SAN FRANCISCO DIVISION

11

12

13 | **I.N., a minor, by and through her mother and Guardian ad Litem, Zarinah F., and J.B., a minor, by and through his mother and Guardian ad Litem, Alisa B.,**

14

15 | Plaintiffs,

16 | **v.**

17

18 | **JENNIFER KENT, Director of the Department of Health Care Services, and STATE OF CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,**

19

20 | Defendants.

C 18-03099 WHA

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Action Filed: May 24, 2018

21

22

23

24

25

26

27

28

1

1    Defendants Jennifer Kent, as Director of the Department of Health Care Services, and the

2    California Department of Health Care Services, answer Plaintiffs' First Amended Complaint for

3    Injunctive and Declaratory Relief as follows:

4    1.    Defendants admit that they have determined that in-home shift nursing services are

5    medically necessary for J.B. and I.N.  Defendants deny the remaining allegations in the second

6    sentence and all allegations in the third sentence of paragraph 1.  To the extent that any response

7    is required to the remaining allegations of paragraph 1, Defendants lack information and belief

8    sufficient to admit or deny the remaining allegations contained in paragraph 1, and on that basis

9    deny them.

10    2.    Defendants admit that Plaintiffs I. N. and J. B. are children under the age of 21

11    residing in California who are beneficiaries of Medi-Cal.  Defendants lack information and belief

12    sufficient to admit or deny the remaining allegations contained in paragraph 2, and on that basis

13    deny them.

14    3.    Defendants admit that Defendants are responsible for administering the State's

15    Medi-Cal program.  The authority referenced in paragraph 3 speaks for itself and is incapable of

16    being admitted or denied.  Defendants deny the remaining allegations in paragraph 3.

17    4.    The statute cited in paragraph 4 speaks for itself and is incapable of being admitted

18    or denied.  Defendants deny the remaining allegations in paragraph 4.

19    5.    Defendants admit that DHCS has authorized in-home skilled nursing services for

20    Plaintiffs.  Defendants deny the remaining allegations contained in paragraph 5.

21    6.    The statutes cited in paragraph 6 speak for themselves and are incapable of being

22    admitted or denied.  To the extent that any further response is necessary, Defendants deny each

23    and every remaining allegation in paragraph 6.

24    7.    The statutes cited in paragraph 7 speak for themselves and are incapable of being

25    admitted or denied.  Defendants deny each and every remaining allegation in paragraph 7.

26    8.    Paragraph 8 requires no response, as Plaintiffs' prayer for relief is incapable of

27    being admitted or denied.

28

2

1    9.      Paragraph 9 requires no response, as Plaintiffs' prayer for relief is incapable of
2    being admitted or denied.

3    10.     Defendants lack information and belief sufficient to admit or deny the allegations
4    contained in paragraph 10, and on that basis deny them.

5    11.     Defendants lack information and belief sufficient to admit or deny the allegations
6    contained in paragraph 11, and on that basis deny them.

7    12.     Defendants lack information and belief sufficient to admit or deny the allegations
8    contained in paragraph 12, and on that basis deny them.

9    13.     Defendants admit the allegations in paragraph 13.

10   14.     Defendants lack information and belief sufficient to admit or deny the allegations
11   contained in paragraph 14, and on that basis deny them.

12   15.     Defendants admit that DHCS authorized 56 hours per week of in-home skilled
13   nursing for Plaintiff I.N. at the time her complaint was filed, and that she lives in Castro Valley.
14   Defendants lack information and belief sufficient to admit or deny the remaining allegations
15   contained in paragraph 15, and on that basis deny them.

16   16.     Defendants admit that DHCS authorized 135 hours per week of in-home skilled
17   nursing for Plaintiff J.B. at the time his complaint was filed, and that he currently lives in Orange
18   County.  Defendants lack information and belief sufficient to admit or deny the remaining
19   allegations contained in paragraph 16, and on that basis deny them.

20   17.     Defendants lack information and belief sufficient to admit or deny the allegations
21   contained in paragraph 17, and on that basis deny them.

22   18.     Defendants admit the allegation in paragraph 18.

23   19.     Defendants admit the allegations in the first and second sentences of paragraph 19.
24   Defendants deny the remaining allegations contained in paragraph 19.

25   20.     Paragraph 20 requires no response, as Plaintiffs' prayer for relief is incapable of
26   being admitted or denied.

27   21.     Defendants deny each and every allegation in paragraph 21.

28   22.     Defendants deny each and every allegation in paragraph 22.

3

1       23.     Paragraph 23, and all its subparts, require no response.  To the extent that any

2    further response is necessary, Defendants deny each and every remaining allegation in paragraph

3    23 and its subparts.

4       24.     Defendants deny each and every allegation in paragraph 24.

5       25.     Defendants deny each and every allegation in paragraph 25.

6       26.     Defendants deny each and every allegation in paragraph 26.

7       27.     Defendants deny each and every allegation in paragraph 27

8       28.     Defendants deny each and every allegation in paragraph 28.

9       29.     Defendants deny each and every allegation in paragraph 29.

10      30.     Defendants deny each and every allegation in paragraph 30, and its subparts.

11      31.     Defendants deny each and every allegation in paragraph 31.

12      32.     The statutes cited in paragraph 32 speak for themselves and are incapable of being

13    admitted or denied.

14      33.     Defendants admit that participation by states in the Medicaid program is voluntary.

15    The remaining authority referenced in paragraph 33 speak for themselves and are incapable of

16    being admitted or denied.

17      34.     Defendants admit the first sentence in paragraph 34.  The statute and regulation

18    cited in paragraph 34 speak for themselves and are incapable of being admitted or denied.

19      35.     Defendants admit the allegations in paragraph 35.

20      36.     The statutes and regulation cited in paragraph 36 speak for themselves and are

21    incapable of being admitted or denied.

22      37.     Defendants admit that Medi-Cal does not directly provide health care services to

23    beneficiaries. Defendants deny each and every remaining allegation in paragraph 37.

24      38.     The statutes cited in paragraph 38 speak for themselves and are incapable of being

25    admitted or denied.

26      39.     The statute cited in paragraph 39 speaks for itself and is incapable of being

27    admitted or denied.

28

4

1    40.    The statutes cited in paragraph 40 speak for themselves and are incapable of being
2    admitted or denied.

3    41.    The statutes and publications cited in paragraph 41 speak for themselves and are
4    incapable of being admitted or denied.

5    42.    The statutes cited in paragraph 42 speak for themselves and are incapable of being
6    admitted or denied.

7    43.    The regulation cited in paragraph 43 speaks for itself and is incapable of being
8    admitted or denied.

9    44.    The regulations cited in paragraph 44 speak for themselves and are incapable of
10   being admitted or denied.

11   45.    The statutes and regulations cited in paragraph 45 speak for themselves and are
12   incapable of being admitted or denied.

13   46.    The statute cited in paragraph 46 speaks for itself and is incapable of being
14   admitted or denied.

15   47.    The regulation cited in paragraph 47 speaks for itself and is incapable of being
16   admitted or denied.

17   48.    The manual cited in paragraph 48 speaks for itself and is incapable of being
18   admitted or denied.

19   49.    The regulation cited in paragraph 49 speaks for itself and is incapable of being
20   admitted or denied.

21   50.    The statute cited in paragraph 50 speaks for itself and is incapable of being
22   admitted or denied.

23   51.    The statutes and regulations cited in paragraph 51 speak for themselves and are
24   incapable of being admitted or denied.

25   52.    The regulations cited in paragraph 52 speak for themselves and are incapable of
26   being admitted or denied

27   53.    The statutes and case law cited in paragraph 53 speak for themselves and are
28   incapable of being admitted or denied

5

54.    The regulations cited in paragraph 54 speak for themselves and are incapable of being admitted or denied

55.    The regulations cited in paragraph 55 speak for themselves and are incapable of being admitted or denied.

56.    The regulations cited in paragraph 56 speak for themselves and are incapable of being admitted or denied.

57.    Defendants admit that DHCS is the single state agency tasked with administering California's Medicaid Program, Medi-Cal.  To the extent that any further response is necessary, Defendants deny each and every remaining allegation in paragraph 57.

58.    Defendants deny each and every allegation in paragraph 58.

59.    The statutes cited in paragraph 59 speak for themselves and are incapable of being admitted or denied.  To the extent that any further response is necessary, Defendants deny each and every remaining allegation in paragraph 59.

60.    Defendants deny each and every allegation in paragraph 60.

61.    Defendants deny each and every allegation in paragraph 61.

62.    Defendants deny each and every allegation in paragraph 62.

63.    Defendants admit the first and second sentences of paragraph. Defendants deny each and every remaining allegation in paragraph 63.

64.    Defendants deny each and every allegation in paragraph 64.

65.    Defendants admit the second sentence of paragraph 65.  Defendants deny each and every remaining allegation in paragraph 65.

66.    Defendants deny each and every allegation in paragraph 66.

67.    Defendants deny each and every allegation in paragraph 67.

68.    Defendants deny each and every allegation in paragraph 68.

69.    Defendants deny each and every allegation in paragraph 69.

70.    Defendants deny each and every allegation in paragraph 70.

71.    Defendants deny each and every allegation in paragraph 71.

72.    Defendants deny each and every allegation in paragraph 72.

1   73.   Defendants deny each and every allegation in paragraph 73.

2   74.   Defendants deny each and every allegation in paragraph 74.

3   75.   Defendants admit the allegations in paragraph 75.

4   76.   Defendants deny each and every allegation in paragraph 76.

5   77.   Defendants deny each and every allegation in paragraph 77.

6   78.   Defendants deny each and every allegation in paragraph 78.

7   79.   Defendants deny each and every allegation in paragraph 79.

8   80.   Defendants deny each and every allegation in paragraph 80.

9   81.   Defendants deny each and every allegation in paragraph 81.

10   82.   Defendants deny each and every allegation in paragraph 82.

11   83.   Defendants deny each and every allegation in paragraph 83.

12   84.   Defendants lack information and belief sufficient to admit or deny the allegations

13   contained in paragraph 84, and on that basis deny them.

14   85.   Defendants lack information and belief sufficient to admit or deny the allegations

15   contained in paragraph 85, and on that basis deny them.

16   86.   Defendants lack information and belief sufficient to admit or deny the allegations

17   contained in paragraph 86, and on that basis deny them.

18   87.   Defendants lack information and belief sufficient to admit or deny the allegations

19   contained in paragraph 87, and on that basis deny them.

20   88.   Defendants lack information and belief sufficient to admit or deny the allegations

21   contained in paragraph 88, and on that basis deny them.

22   89.   Defendants admit the allegations in paragraph 89.

23   90.   Defendants admit the allegations in paragraph 90.

24   91.   Defendants lack information and belief sufficient to admit or deny the allegations

25   contained in paragraph 91, and on that basis deny them.

26   92.   Defendants lack information and belief sufficient to admit or deny the allegations

27   contained in paragraph 92, and on that basis deny them.

28

7

1       93.    Defendants admit that DHCS had authorized 56 hours of in-home nursing for I.N.

2 at the time her complaint was filed.  Defendants deny each and every remaining allegation in

3 paragraph 93.

4       94.    Defendants admit that I.N. is a recipient of HCBA waiver services.  Defendants

5 deny each and every remaining allegation in paragraph 94.

6       95.    Defendants lack information and belief sufficient to admit or deny the allegations

7 contained in paragraph 95, and on that basis deny them.

8       96.    Defendants lack information and belief sufficient to admit or deny the allegations

9 contained in paragraph 96, and on that basis deny them.

10      97.    Defendants lack information and belief sufficient to admit or deny the allegations

11 contained in paragraph 97, and on that basis deny them.

12      98.    Defendants admit the allegations in paragraph 98.

13      99.    Defendants deny each and every allegation in paragraph 99.

14      100.    Defendants admit the allegations in the first and second sentence in paragraph 100.

15 Defendants deny the allegations in the third sentence of paragraph 100.  Defendants lack

16 information and belief sufficient to admit or deny the remaining allegations in paragraph 100, and

17 on that basis deny them.

18      101.    Defendants deny each and every allegation in paragraph 101.

19      102.    Defendants deny each and every allegation in paragraph 102.

20      103.    Defendants deny each and every allegation in paragraph 103.

21      104.    Defendants lack information and belief sufficient to admit or deny the allegations

22 contained in paragraph 104, and on that basis deny them.

23      105.    Defendants deny each and every allegation in paragraph 105.

24      106.    Defendants deny each and every allegation in paragraph 106.

25      107.    Defendants lack information and belief sufficient to admit or deny the allegations

26 contained in paragraph 107, and on that basis deny them.

27

28

8

1    108.    Defendants admit the allegations in the first, second, and third sentences in

2    paragraph 108.  Defendants lack information and belief sufficient to admit or deny the remaining

3    allegations in paragraph 108, and on that basis deny them.

4    109.    Defendants lack information and belief sufficient to admit or deny the allegations

5    contained in paragraph 109, and on that basis deny them.

6    110.    Defendants admit that, at the time the complaint was filed, DHCS had approved

7    J.B. for 135 hours per week of Medi-Cal in-home shift nursing and two hours per month of nurse

8    case management.  Defendants lack information and belief sufficient to admit or deny the

9    remaining allegations contained in paragraph 110, and on that basis deny them.

10   111.    Defendants lack information and belief sufficient to admit or deny the allegations

11   contained in paragraph 111, and on that basis deny them.

12   112.    Defendants deny each and every allegation in paragraph 112.

13   113.    Defendants admit that J.B. is a recipient of HCBA waiver services.  Defendants

14   deny each and every remaining allegation in paragraph 113.

15   114.    Defendants admit the first sentence of paragraph 114. Defendants lack information

16   and belief sufficient to admit or deny the remaining allegations contained in paragraph 114, and

17   on that basis deny them.

18   115.    Defendants lack information and belief sufficient to admit or deny the allegations

19   contained in paragraph 115, and on that basis deny them.

20   116.    Defendants lack information and belief sufficient to admit or deny the allegations

21   contained in paragraph 116, and on that basis deny them.

22   117.    Defendants lack information and belief sufficient to admit or deny the allegations

23   contained in paragraph 117, and on that basis deny them.

24   118.    Defendants admit the allegations in paragraph 118.

25   119.    Defendants admit the first and second sentence of paragraph 119.  Defendants

26   deny each and every remaining allegation in paragraph 119.

27   120.    Defendants admit the first and second sentence of paragraph 120.  Defendants

28   deny each and every remaining allegation in paragraph 120.

9

1    121.    Defendants admit that DHCS conducted an annual home assessment by a nurse

2    who inquired about J.B.'s condition and his care.  Defendants deny each and every remaining

3    allegation in paragraph 121.

4    122.    Defendants deny each and every allegation in paragraph 122.

5    123.    Defendants deny each and every allegation in paragraph 123.

6    124.    Defendants deny each and every allegation in paragraph 124.

7    125.    Defendants lack information and belief sufficient to admit or deny the allegations

8    contained in paragraph 125, and on that basis deny them.

9    126.    Defendants deny each and every allegation in paragraph 126.

10   127.    Defendants deny each and every allegation in paragraph 127.

11   128.    Paragraph 128 requires no response.

12   129.    Defendants deny each and every allegation in paragraph 129.

13   130.    Defendants deny each and every allegation in paragraph 130.

14   131.    Defendants deny each and every allegation in paragraph 131.

15   132.    Paragraph 132 requires no response.

16   133.    Defendants deny each and every allegation in paragraph 133.

17   134.    Defendants deny each and every allegation in paragraph 134.

18   135.    Defendants deny each and every allegation in paragraph 135.

19   136.    Paragraph 136 requires no response.

20   137.    Defendants deny each and every allegation in paragraph 137.

21   138.    Defendants deny each and every allegation in paragraph 138.

22   139.    Defendants deny each and every allegation in paragraph 139.

23   140.    Defendants admit that Jennifer Kent is the Director of DHCS, which is responsible

24   for administering California's Medicaid program in accordance with state and federal law.  The

25   statutes cited in paragraph 140 speak for themselves and are incapable of being admitted or

26   denied.

27   141.    Defendants deny each and every allegation in paragraph 141.

28   142.    Defendants deny each and every allegation in paragraph 142.

10

1    143.    Defendants deny each and every allegation in paragraph 143.

2    144.    Defendants deny each and every allegation in paragraph 144.

3    145.    Defendants deny each and every allegation in paragraph 145.

4    146.    Paragraph 146 requires no response.

5    147.    The statutes cited in paragraph 147 speak for themselves and are incapable of

6    being admitted or denied.

7    148.    Defendants deny each and every allegation in paragraph 148.

8    149.    Defendants deny each and every allegation in paragraph 149.

9    150.    Defendants admit the allegations in paragraph 150.

10   151.    Defendants deny each and every allegation in paragraph 151.

11   152.    Defendants deny each and every allegation in paragraph 152.

12   153.    Defendants deny each and every allegation in paragraph 153.

13   154.    Paragraph 154 requires no response, as Plaintiffs' prayer for relief is incapable of

14   being admitted or denied.

15   155.    Paragraph 155 requires no response, as Plaintiffs' prayer for relief is incapable of

16   being admitted or denied.

17   156.    Paragraph 156 requires no response, as Plaintiffs' prayer for relief is incapable of

18   being admitted or denied.

19   157.    Paragraph 157 requires no response, as Plaintiffs' prayer for relief is incapable of

20   being admitted or denied.

21   158.    Paragraph 158 requires no response, as Plaintiffs' prayer for relief is incapable of

22   being admitted or denied.

23   159.    Paragraph 159 requires no response, as Plaintiffs' prayer for relief is incapable of

24   being admitted or denied.

25   160.    Paragraph 160 requires no response, as Plaintiffs' prayer for relief is incapable of

26   being admitted or denied.

27   161.    Paragraph 161 requires no response, as Plaintiffs' prayer for relief is incapable of

28   being admitted or denied.

11

1    162.    Paragraph 162 requires no response, as Plaintiffs' prayer for relief is incapable of

2    being admitted or denied.

3                                   **AFFIRMATIVE DEFENSES**

4         As separate affirmative defenses to the First Amended Complaint, Defendants allege as

5    follows (each affirmative defense is alleged as to all causes of action):

6    1.    Plaintiffs' claims are barred, in whole or in part, because the complaint fails to

7    state a claim upon which relief can be granted.

8    2.    Plaintiffs' claims are barred, in whole or in part, for failure to comply with the

9    California Government Claims Act, Government Code sections 810-998.3.

10   3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

11   4.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

12   5.    Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust

13   administrative remedies.

14   6.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata

15   and collateral estoppel.

16   7.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

17   8.    Plaintiffs' claims are barred, in whole or in part, for failure to join necessary and

18   indispensable parties.

19   9.    Plaintiffs' claims are barred, in whole or in part, because Petitioner has an

20   alternative, adequate remedy including, but not limited to, pursuit of a fair hearing, a grievance,

21   or a complaint with the Department of Public Health.

22   10.    Plaintiffs' claims are barred, in whole or in part, because they are moot.

23   11.    Because the complaint, as a whole, and each claim for relief asserted therein, in

24   couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may

25   apply. Accordingly, Defendants reserve the right to assert additional affirmative defenses as the

26   legal and factual bases for Plaintiffs' claims become known.

27                                     **PRAYER FOR RELIEF**

28        WHEREFORE, Defendants pray as follows:

                                              12

1.     That Petitioner take nothing by his petition, and that judgment be entered in favor

of Defendants;

2.     That Defendants be awarded their costs; and

3.     For such other and further relief as the Court may deem proper.

Dated: October 31, 2018                               Respectfully submitted,

                                                      XAVIER BECERRA
                                                      Attorney General of California
                                                      SUSAN M. CARSON
                                                      Supervising Deputy Attorney General

                                                      */s/Carolyn O. Tsai*

                                                      CAROLYN O. TSAI
                                                      Deputy Attorney General
                                                      *Attorneys for Defendants*

13

## CERTIFICATE OF SERVICE

Case Name:   **I.N., et al. v. Kent, et al.**                    No.    **C 18-03099 WHA**

I hereby certify that on <u>October 31, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 31, 2018</u>, at San Francisco, California.

<table>
<tr><td>Bella Cruz</td><td>/s/ <b><i>Bella Cruz</i></b></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SF2018200610
21276255.docx