IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.N., a minor, by and through her mother and *Guardian ad Litem*, Zarinah F., and J.B., a minor, by and through his mother and *Guardian ad Litem*, Alisa B.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JENNIFER KENT, Director of the Department of Health Care Services, and State of California DEPARTMENT OF HEALTH CARE SERVICES,<br><br>    Defendants. | No. C 18-03099 WHA<br><br>**ORDER RE (1) MOTION FOR CLASS CERTIFICATION, AND (2) MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

**INTRODUCTION**

In this putative class action under the Medicaid Act and other federal statutes, plaintiffs move for conditional certification of a settlement class and the parties jointly move for preliminary approval of a class settlement. For the reasons below, both motions are **GRANTED**.

**STATEMENT**

California's Medicaid program, called "Medi-Cal," was codified in the California Welfare & Institutions Code. Defendant California Department of Health Care Services was the designated state agency that administered and supervised the program. CAL. WELF. & INST. CODE § 14100.1. DHCS did not provide services directly but rather contracted with and reimbursed participating providers for services. Under one aspect of the Medicaid program known as the Early and Periodic Screening, Diagnostic, and Treatment program ("EPSDT"), defendants provided certain services to eligible children under the age of 21. *Katie A., ex rel.*

*Ludin v. Los Angeles Cty.*, 481 F.3d 1150, 1154 (9th Cir. 2007). These services included medically necessary "private duty nursing services" and case management services. 42 U.S.C. § 1396d(a).

Suing through their parents, plaintiffs I.N. and J.B. had significant physical disabilities and received Medi-Cal benefits. Defendants DHCS and DHCS Director Jennifer Kent authorized plaintiffs' receipt of in-home nursing services as part of their Medi-Cal benefits. Although I.N. and J.B. required total assistance for all activities of daily living, both plaintiffs received fewer hours of services than defendants authorized. Plaintiffs further allege that defendants placed the burden on them to navigate a complex system with little to no support to obtain needed in-home nursing care (Amd. Compl. ¶¶ 84–127).

In 2017, prior to initiating this litigation, plaintiffs' counsel notified defendants that families were struggling to secure approved in-home nursing services and were not receiving meaningful assistance in arranging for such services. After being unable to reach a resolution, plaintiffs initiated this action in May 2018. In August 2018, plaintiffs filed an amended complaint for injunctive relief under the Medicaid Act, the Americans with Disabilities Act and the Rehabilitation Act. Plaintiffs did not seek damages. In October 2018, an order denied defendants' motion to dismiss the amended complaint for lack of subject-matter jurisdiction. Since November 2018, the parties have engaged in discovery and in multiple in-person settlement discussions under the supervision of Magistrate Judge Jacqueline Corley. Although the undersigned judge generally disallows class-wide settlement discussions prior to class certification, such discussions were permitted in this case because plaintiffs only sought injunctive relief. Plaintiffs now move for certification of a class for settlement purposes and the parties jointly move for preliminary approval of a class-wide settlement (Dkt. Nos. 1, 45, 66, 102–05). This order follows full briefing and oral argument.

**ANALYSIS**

1. **CERTIFICATION OF A SETTLEMENT CLASS.**

Plaintiffs seek to certify a class comprised of all Medi-Cal beneficiaries who are EPSDT eligible and for whom Medi-Cal Private Duty Nursing (*i.e.*, in-home nursing) services have

been approved. A party seeking class certification must affirmatively demonstrate his compliance with FRCP 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Pursuant to FRCP 23(a), for a named plaintiff to obtain class certification, a court must find: (1) numerosity of the class; (2) common questions of law or fact; (3) that the named plaintiff's claims and defenses are typical; and (4) that the named plaintiff can adequately protect the interests of the class. In the instant case, plaintiffs seek to certify a class under FRCP 23(b)(2). Certification under FRCP 23(b)(2) requires that the court find that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

### A. Numerosity.

The numerosity requirement of FRCP 23(a)(1) is satisfied when joinder of individual plaintiffs would be impracticable. Based on a December 2016 study in which DHCS identified over 3,500 EPSDT-eligible beneficiaries who were approved for Medi-Cal in-home nursing services, plaintiffs anticipate that the proposed class includes thousands of individuals. Plaintiffs have satisfied their burden regarding numerosity.

### B. Commonality and Typicality.

A class has sufficient commonality under FRCP 23(a)(2) if "there are questions of law or fact common to the class." FRCP 23(a)(2) does not require each member in a class to have identical factual and legal issues surrounding his or her claim. "The existence of shared legal issues with divergent factual predicates is sufficient" to meet the requirements of FRCP 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The typicality requirement of FRCP 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." A plaintiff's claims are typical if they "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, plaintiffs' claims are based on allegations that defendants failed to arrange for approved in-home nursing services. Plaintiffs' parents had to instead rely on their own efforts to find nurses with little to no help. In investigating this case, plaintiffs' counsel spoke with

over one hundred families with similar stories. The claims of each class member regarding the extent to which defendants failed to arrange for necessary levels of in-home nursing services and defendants' resulting liability under federal law are common to the class. The commonality and typicality requirements are accordingly satisfied.

### C. Adequacy.

FRCP 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Determining whether the representative parties will do so involves two inquiries: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel act vigorously on behalf of the class? *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Accordingly, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations and quotation marks omitted).

Nothing in the record indicates that plaintiffs have a conflict of interest with absent class members or will not prosecute this action vigorously on behalf of the class. Plaintiffs' counsel, moreover, has zealously pursued relief on behalf of the class through a multi-year investigation and litigation. Plaintiffs' counsel also have significant experience in representing people with disabilities and in complex class actions and litigation regarding Medi-Cal benefits (Leiner Decl. ¶¶ 2–16; Somers Decl. ¶¶ 2–14; Newman Decl. ¶¶ 2–9; Schwartz Decl. ¶¶ 2–6).

Although defendants do not dispute that plaintiffs' counsel prosecuted this action vigorously and have the requisite legal knowledge and experience, defendants oppose plaintiffs' motion to the extent it seeks appointment of six attorneys at four different law firms. Instead, defendants argue, only one law firm should be appointed to serve as class counsel. This order disagrees. Although the undersigned has expressed in prior cases that it is best to have only one law firm as class counsel so as to avoid unnecessary duplication and excessive fees, *Castaneda v. Burger King Corp.*, 264 F.R.D. 557 (N.D. Cal. 2009), plaintiffs have agreed to cap their fees and costs in the amount of $435,000 and have sufficiently explained why the appointment of more than one law firm is appropriate so that plaintiffs' counsel can most effectively oversee

4

and monitor defendants' compliance with the agreement. This order concludes that plaintiffs and their counsel are adequate representatives as required by FRCP 23(a)(4) and appoints William Leiner and Elissa Gershon of Disability Rights California, Sarah Somers and Jane Perkins of National Health Law Program, Robert Newman of the Western Center on Law and Poverty, and Richard Schwartz of Browne George Ross LLP as class counsel. William Leiner, however, remains responsible for the case.

### D. FRCP 23(B)(2) General Applicability.

Plaintiffs seek to certify the settlement class under FRCP 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." "These requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)). Such is the case here.

This action only seeks injunctive relief and the proposed settlement agreement would provide for uniform class-wide relief, including the designation of a Medi-Cal program or contracted organization that will provide case management services to secure class members' approved in-home nursing services, oversight and monitoring of case management agencies by defendants, and the ability for class members to contact DHCS directly with questions or concerns about their in-home nursing or the case management services they are receiving. Certification under FRCP 23(b)(2) is therefore appropriate. Having demonstrated that FRCP 23(a) and 23(b)(2)'s requirements are met, plaintiffs' motion for certification of a settlement class is **GRANTED**.

### 2. MOTION FOR PRELIMINARY APPROVAL.

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker). The parties' proposed settlement agreement satisfies these requirements.

### A. Benefit to Class Members.

Plaintiffs have not sought damages in this action. The proposed settlement agreement instead provides for injunctive relief. *First*, defendants will designate case management service providers for class members and will require those providers to help class members obtain in-home nursing through various methods. To the extent necessary, defendants will require service providers to revise their policies and procedures so as to implement the agreement's requirements. *Second*, class members will be able to contact defendants directly with questions or concerns about the in-home nursing or case management services they receive. *Third*, defendants will require service providers to send notices to class members (separate and apart from the class notice required by FRCP 23(e)) with information regarding the case management services available to them. *Fourth*, class counsel will monitor defendants' implementation of the agreement. Defendants will also provide class counsel with aggregate data regarding email communications that concern in-home nursing services and will meet with class counsel at least three times during the term of the agreement. *Fifth*, the agreement provides that the district court will retain jurisdiction over the case for nine months after defendants sends its notices to the impacted service providers. Should any disputes arise regarding implementation of the agreement, the dispute resolution process will be overseen by Magistrate Judge Jacqueline Scott Corley or her designee.

This motion follows depositions and the parties' exchange of written discovery. Continuing forward in litigation would not only impose risks and costs on plaintiffs and the class, but would also delay the implementation of the parties' agreed-upon remedies. In light of the risks of continued litigation and the significant injunctive relief set forth in the proposed settlement agreement, the settlement falls within the range of possible approval.

6

**B. Scope of the Release and Other Considerations.**

The proposed settlement agreement releases only claims actually asserted in this action. No damages claims are waived. The scope of the release in the proposed settlement agreement is therefore appropriately tailored and falls within the range of possible approval. Another factor weighing in favor of preliminary approval is that the proposed settlement agreement came about as a result of extensive mediation efforts supervised by Judge Corley, including four in-person settlement conferences and subsequent deliberations. This background is not dispositive but nevertheless is relevant to the question of whether this proposed settlement agreement appears to be "the product of serious, informed, non-collusive negotiations." *See In re Tableware*, 484 F. Supp. 2d at 1079.

**C. Notice.**

Under the proposed settlement, defendants will identify class members by running queries in its databases and case management systems and requiring service providers to provide names and client index numbers. With that data, DHCS will compile a class list and run a query in the Medi-Cal Eligibility Data System to obtain the home address and language preference of each class member. Defendants will then utilize a third-party contractor to translate and mail the approved class notices. Plaintiffs' counsel will also establish a website to provide class members with information about the settlement. The proposed class notice satisfies the requirements of FRCP 23(c)(2)(B) and 23(e)(1), as it clearly describes of the nature of the action, the injunctive relief called for in the settlement agreement, and the implications of and process for objecting to the settlement and participating in the fairness hearing.[1]

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for class certification for settlement purposes is **GRANTED**. The following class is **CERTIFIED** for purposes of settlement: All Medi-Cal beneficiaries who are EPSDT eligible and for whom Medi-Cal Private Duty Nursing

---

[1] The parties' motion explains that defendants' publications are ordinarily reviewed by staff dedicated to editing the text to meet a sixth-grade reading level. The parties have deferred to the undersigned's judgment as to whether this additional review is necessary here. This order concludes that this additional readability review is not needed.

7

services have been approved. Plaintiffs I.N. and J.B. are hereby **APPOINTED** as class representative. Plaintiffs' counsel from Disability Rights California, National Health Law Program, the Western Center on Law and Poverty, and Browne George Ross LLP are hereby **APPOINTED** as class counsel.

The terms of the parties' settlement agreement are hereby **PRELIMINARILY APPROVED** as being fair, reasonable and adequate to the members of the class, subject to further consideration at the final approval hearing. The joint motion for preliminary approval of the settlement is **GRANTED**. The proposed form of notice for the class is **APPROVED**. Notice should be distributed to the class by **JUNE 13**. By this same date, plaintiffs shall file their motion for attorney's fees and costs.

The deadline for filing objections to the settlement is **JULY 11**. The parties shall respond to any objections to the settlement by **JULY 25**. By this same date, the parties shall file a motion for final approval of the class settlement. A hearing to consider whether the class settlement should be given final approval, and to consider plaintiffs' motion for an award of attorney's fees and costs, is **SET** for **AUGUST 8 AT 11:00 A.M.** The final pretrial conference and trial dates are hereby **VACATED** and will be reset if final approval is not granted.

**IT IS SO ORDERED.**

Dated: April 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8