IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

I.N., a minor, by and through her mother and *Guardian ad Litem*, Zarinah F., and J.B., a minor, by and through his mother and *Guardian ad Litem*, Alisa B.,

Plaintiffs,

v.

JENNIFER KENT, Director of the Department of Health Care Services, and State of California DEPARTMENT OF HEALTH CARE SERVICES,

Defendants.

No. C 18-03099 WHA

**ORDER RE MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR AWARD OF ATTORNEY'S FEES**

**INTRODUCTION**

In this putative class action under the Medicaid Act and other federal statutes, the parties move for final approval of a proposed class settlement. Plaintiffs move for attorney's fees and expenses. Defendants do not oppose. For the reasons stated below, the motion for final approval of the class settlement is **GRANTED**. To the extent stated below, the motion for attorney's fees and costs is **GRANTED**.

**STATEMENT**

Prior orders set forth the detailed background of this case. In short, under one aspect of California's Medicaid program, defendants provided certain services to eligible children under the age of 21. *Katie A., ex rel. Ludin v. Los Angeles Cty.*, 481 F.3d 1150, 1154 (9th Cir. 2007). These services included medically necessary "private duty nursing services" and case management services. 42 U.S.C. § 1396d(a).

Suing through their parents, plaintiffs had significant physical disabilities and received Medi-Cal benefits. Defendants DHCS and DHCS Director Jennifer Kent authorized plaintiffs' receipt of in-home nursing services as part of their Medi-Cal benefits. Although plaintiffs required total assistance for all activities of daily living, both plaintiffs received fewer hours of services than defendants authorized. Plaintiffs further allege that defendants placed the burden on them to navigate a complex system with little to no support to obtain needed in-home nursing care (Amd. Compl. ¶¶ 84–127).

Plaintiffs initiated this action in May 2018. In August 2018, plaintiffs filed an amended complaint for injunctive relief under the Medicaid Act, the Americans with Disabilities Act and the Rehabilitation Act. Plaintiffs did not seek damages. In October 2018, an order denied defendants' motion to dismiss the amended complaint for lack of subject-matter jurisdiction. Since November 2018, the parties engaged in discovery and in multiple in-person settlement discussions under the supervision of Magistrate Judge Jacqueline Corley. In April 2019, an order granted plaintiffs' motion for class certification and preliminary approval of a proposed class settlement (Dkt. Nos. 1, 45, 66, 102–05, 107).

Defendants mailed the class notice to all 4,127 identified Medi-Cal beneficiaries who are class members, 191 of which came back as nondeliverable. No objections to the settlement have been received. Class counsel, however, have confirmed that the returned notices were sent to the address on record. Class counsel have further established a website to provide class members with information about the case, the full text of the settlement agreement, the class notice, plaintiffs' motion for reasonable attorneys' fees, expenses, and costs, and other case-related documents (Br. at 14–15).

The parties now move for final approval of the proposed class settlement. Class counsel also move for an award of attorney's fees and litigation costs and expenses. A hearing was held on the motions on August 8, 2019. At the hearing, the parties could not agree whether damages would be waived. A further hearing was held on the matter on September 13, 2019. The parties filed a stipulation on the same day that the language in the settlement agreement stating "class members, forever and fully release any and all claims, either in law or equity, set forth in the

Complaint and First Amended Complaint," does not preclude unnamed class members from seeking monetary damages for the claims set forth in the complaint and first amended complaint (Dkt. Nos. 110, 113, 115, 116).

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be bound by the proposal, and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate. FRCP 23(e)(1)–(2). The parties' proposed settlement agreement satisfies these requirements, as follows.

1. **FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

    A.  **Adequacy of Notice.**

    The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice (Dkt. No. 107). As described above, the notice plan has been fulfilled. This order accordingly finds that notice to class members was adequate.

    B.  **Scope of Release**.

    The proposed settlement agreement releases only the claims actually asserted in this action. Individual named plaintiffs waive damages claims. Furthermore, pursuant to the parties' September 13 stipulated request regarding the release of claims by unnamed class members, the language in the settlement agreement stating "class members, forever and fully release any and all claims, either in law or equity, set forth in the Complaint and First Amended

3

1 Complaint," does not preclude unnamed class members from seeking monetary damages for the
2 claims set forth in the complaint and first amended complaint. The stipulated request is
3 **GRANTED** and echoing the findings of the order granting preliminary approval of the proposed
4 settlement, this order finds the scope of release is appropriately tailored and is approved.

### C. Fairness, Reasonableness, and Adequacy of Proposed Settlement.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

*First*, the settlement terms are fair, reasonable, and adequate. The class representatives and class counsel have adequately represented the class. The parties reached the proposed settlement agreement after extensive mediation efforts supervised by Magistrate Judge Corley, including four in-person settlement conferences and subsequent deliberations. Continuing forward in litigation would not only impose risks and costs on plaintiffs and the class, but would also delay the implementation of the parties' agreed-upon remedies.

*Second,* plaintiffs have only sought injunctive relief. The proposed settlement agreement provides, among other things, that defendants will designate case management service providers for class members, that class members will be able to contact defendants directly with concerns regarding the nursing or services they receive, and that class counsel will monitor defendants' implementation of the agreement, which all address the issues plaintiffs sought to resolve in the initial complaint. No class member has objected to the settlement agreement. Based on the foregoing the reasons and those mentioned in the order granting preliminary approval of the proposed agreement, the final approval of the proposed class settlement is **GRANTED**.

2.  **MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS.**

    A.  **Costs and Expenses.**

    Class counsel seek to recover from the settlement fund $14,046 in litigation costs and expenses. The largest component of these expenses are related to expert work. These costs, nontaxable costs, and out-of-pocket expenses are recoverable under the ADA. Furthermore, these expenses were a reasonable and necessary part of the litigation, and are of a type customarily billed to a fee-paying client. No class member objected to recovery of these costs. Nor do defendants' counsel. The motion for reimbursement of these costs is **GRANTED**.

    B.  **Attorney's Fees.**

    A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Plaintiffs have not sought damages in this action. The settlement agreement instead provides for injunctive relief. Plaintiffs here seek attorney's fees as the prevailing party in its claims under the California Medicaid Act, the ADA, and the Rehabilitation Act.

    In a civil rights actions brought under fee-shifting statutes such as the ADA, the Rehabilitation Act, and the California Medicaid Act, plaintiffs may be awarded reasonable attorney's fees if they are the prevailing party. 42 U.S.C. § 12205, Rehabilitation Act § 504, 42 U.S.C § 1988. Plaintiffs prevail "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933. Therefore, to qualify as a prevailing party, plaintiffs must obtain at least some relief on the merits of his claim. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566 (1992). The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. *Ibid*. A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Ibid.*

In this case, plaintiffs are the prevailing party. Plaintiffs' complaint alleges defendants inadequately arranged in-home skilled nursing services in violation of several federal laws. As part of its settlement agreement, defendants have agreed to designate case management service providers for class members, to send notices to class members with information regarding the case management services available to them, and to various other improvements in the in-home nursing services provided to class members that are detailed above and in the order granting preliminary approval of the proposed agreement. The benefits that the class members will be receiving under the proposed settlement agreement address many of the issues alleged in the complaint. Because of this, plaintiffs are the prevailing party and may be awarded reasonable attorney's fees.

Courts in this situation generally calculate reasonable attorney's fees pursuant to the lodestar method. *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1029 (9th Cir. 1998). Under this method, a district court must first multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate to arrive at the lodestar, and then determine whether additional considerations warrant adjusting the lodestar. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).

Here, class counsel have submitted detailed declarations regarding their hourly rates, the number of hours claimed for each attorney staffed on the matter, and billings narratives for each attorney (Leiner Decl. Ex. D, Ex. E; Somers Decl. Ex. C; Newman Decl. Ex. A; Schwartz Decl. Ex. B; Pearl Decl.). Counsel attest that their five staffed attorneys have billed 1383.8 hours for work done on this case (Leiner Decl. Ex. E). Class counsel have reduced this to 1054 hours to account for inefficient, duplicative, and unnecessary secondary work (*ibid*). Their rates for these attorneys range from $550 per hour to $950 per hour (*ibid*). Counsel's calculations amount to a lodestar of $735,157.50.

Class counsel have, nonetheless, requested $420,954 in attorney's fees. Counsel for defendants have not objected to this amount as this amount comports with the settlement agreement in which the parties agreed, "Plaintiffs will seek, and Defendants agree not to oppose, Plaintiff's request to the Court for $435,000 for attorney's fees and costs incurred by

6

Plaintiffs in litigating this lawsuit" (Leiner Decl. Ex. A at 14). Furthermore, the fees sought represent approximately 57% of the claimed lodestar, yielding a "negative multiplier." The fees will not be deducted from a monetary class settlement. In light of the foregoing, and the fact that class counsel have conducted motion practice and engaged in extensive mediation efforts supervised by Magistrate Judge Corley, this order finds the agreed upon attorney's fees amount to be reasonable. This order further **APPROVES** the award of $420,954 in attorney's fees, half of which shall be paid now and the remaining half to be paid when all the work is done in implementing the relief to the class. This order will not make any findings regarding reasonableness of the lodestar, the hours billed, nor the rate at which they are billed at since the parties have already agreed to an attorney's fee amount that this order finds reasonable.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval.

2. The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiffs, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and complies with all applicable provisions of law. The settlement is accordingly **APPROVED**.

3. Having considered class counsel's motion for attorney's fees, the undersigned hereby awards class counsel attorney's fees of $420,954. Half of this amount shall be paid now and the other half shall be paid when all relief to the class hereunder has been implemented.

4. Class counsel shall also receive $14,046 as reimbursement for their litigation expenses. Half of this amount shall be paid now and the other half shall be paid when all relief to the class hereunder has been implemented.

Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: September 30, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE